UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THOMAS WILSON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRUCK AND WHEEL )<br>AUTOMOTIVE USA )<br>CORPORATION, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO:<br>7:22-cv-00310-GMB |

### PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AND SUPPORTING MEMORANDUM

Defendant Truck and Wheel Automotive USA Corporation ("Defendant" or "Truck & Wheel") and Plaintiff Thomas B. Wilson ("Plaintiff") respectfully request that the Court enter a joint stipulation of judgment approving the Parties' settlement. In support of this motion, the Parties state as follows:

1. This lawsuit involves claims brought under the Fair Labor Standards Act ("FLSA"). Under the FLSA, any settlement between the parties must be approved by the Court (or the Department of Labor) as being fair and consistent with the purposes of the Act.

2. The Parties have entered into an agreement representing a fair and reasonable compromise of disputed claims. Consistent with the decision in *Lynn's Food Stores, Inc.*, 679 F.2d at 1350 (11ᵗʰ Cir. 1982), the parties are seeking

approval of the settlement agreements. *See also D.A. Schulte, Inc. V. Gangi*, 328 U.S. 108, 113 n. 8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed the terms of settlement agreement). The Parties' are submitting their settlement agreement to the Court for review (See Exhibit A).

3. The Parties have included below a memorandum for the Court to review, outlining the basis for settling the lawsuit in light of Plaintiffs' claims and Defendants' defenses, the procedural posture of the case, and the potential risks of continued litigation.

## MEMORANDUM IN SUPPORT OF APPROVAL OF SETTLEMENT AGREEMENTS

### INTRODUCTION AND BACKGROUND

Plaintiff Wilson is a former employee of Truck & Wheel. His lawsuit alleges that he is due additional payments from Truck & Wheel for overtime under the Fair Labor Standards Act of 1938, as amended ("FLSA"). In response to Plaintiffs' claims, Defendant has denied Plaintiff's factual and legal assertions, asserted defenses, including exemptions, and contested Plaintiff's alleged hours worked; however, the parties have reached an agreement to resolve their differences and settle this case. An important factor in the Parties reaching a resolution was the ability to settle all claims brought by Plaintiff. The parties now seek court approval of their settlement and dismissal of the lawsuit with prejudice.

## SETTLEMENT TERMS

Pursuant to the Parties' Settlement Agreement, if approved by this Court, Truck & Wheel will make payments to Plaintiff in settlement of his claims and a payment to Plaintiff's counsel for attorney fees and expenses. The parties are submitting a copy of their Settlement Agreement to the Court for review.

During his employment, Plaintiff worked in a supervisory position and was paid a salary each week. Later, Plaintiff alleges that his role changed to non-supervisory, but he continued to receive a salary and did not record his time each day. There is no dispute that Wilson was paid overtime during certain weeks, but he claims he worked overtime during additional weeks for which he was not paid. Plaintiff contends in this lawsuit that he is due a certain amount of unrecorded overtime for part of 2021. Although Truck & Wheel strongly disagrees with Plaintiff's position, it has agreed as part of the Settlement Agreement to pay him an amount that equals or exceeds its calculation of the amount he could potentially recover if he prevailed in this case, including back wages and attorney's fees and a separate and additional amount to settle any additional claims he may have.

## LEGAL STANDARD

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit concluded that there are two ways in which back wage claims arising under the FLSA can be settled or compromised by employees and employers. In addition to the waiver by employees of the right to bring suit for

both unpaid wages and liquidated damages when the Secretary of Labor supervises a settlement pursuant to 29 U.S.C. § 216(c), the Court recognized that, "[w]hen employees bring a private action for back wages under the FLSA [under § 216(b)], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Thus, in order to approve a proposed settlement, the court held that the district court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. The Eleventh Circuit explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

679 F.2d at 1354; *see also Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.). The primary purpose of the district court's inquiry in determining whether to approve the settlement of an FLSA action is ensuring that an employer does not take advantage of its employees in settling their

4

claim for wages. *See Crabtree v. Volkert, Inc.*, 2013 U.S. Dist. LEXIS 20543, *6-9 (S.D. Ala. Feb. 14, 2013); *Gomez v. Iglesias*, 2013 U.S. Dist. LEXIS 93054 (S.D. Ala. 2013); *Nava-Cruz v. 2 Pesos Mexican Café, Inc.*, 2013 U.S. Dist. LEXIS 41019, *4 (N.D. Ala. Mar. 25, 2013) (settlement approved as it is a "fair and reasonable resolution of these bona fide [FLSA] disputes").

While the Court must give comprehensive consideration to all relevant factors, it is clear that the settlement hearing should not be turned into a trial. In general, settlement is the preferred means of resolving litigation. *See Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910); *Mid South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984). The Court should keep in mind the strong presumption in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The parties here were represented by counsel experienced in FLSA wage and hour cases, who were able to adequately represent their clients' respective positions during settlement discussions. The general terms of the settlement were negotiated at arms-length. The final agreements include provisions for the payment of settlement proceeds to the Plaintiff and his counsel within ten (10) days of the Court's approval of this settlement.

Despite their strong differences of opinion as to the merits of this case, the parties recognized that they faced the risk and delay of trial. Moreover, FLSA cases throughout the country and even within the Eleventh Circuit produce widely varying results. If this matter had gone to trial, it is likely that Plaintiff or Truck & Wheel would have appealed the Court's rulings on summary judgment and any adverse verdict. This would have resulted in further payment delays to Plaintiff even in the event of a jury verdict in his favor, as well as significant costs and expenses for both parties. Under these circumstances, the parties submit that the proposed settlement is fair, adequate, and reasonable and should be approved.

Furthermore, while the FLSA generally provides for liquidated damages (doubling) as to any award of back pay, 29 U.S.C. § 216(b), if this case proceeded in litigation, Truck & Wheel would focus on the availability of a "good faith defense," the existence of which allows the Court the discretion not to award such damages:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260. "The good faith defense to liquidated damages ... does not require

reliance on an administrative agency regulation or decision." *Silas v. Hillsborough Cty.*, 2006 U.S. Dist. LEXIS 79503, *19 n.6 (M.D. Fla. Oct. 31, 2006).

Truck & Wheel contends that it acted in good faith in connection with its treatment of Plaintiff and, thus, it could avail itself of the good faith defense to the award of liquidated damages in the event of an adverse finding at trial. *See* 29 U.S.C. § 260; 29 C.F.R. § 790.22(b). Plaintiff has disputed the availability of this defense, but both parties recognize that a determination of this issue was not clear-cut and could have affected the eventual amount of damages awarded, if any, after trial. This factor further supports the fairness of the settlement in face of a *bona fide* dispute as to this defense and the amount of damages available after trial.

## THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE IN LIGHT OF THE RISKS THAT PLAINTIFF FACED ABSENT SETTLEMENT.

### DEGREE OF RECOVERY

As stated above, Plaintiff will receive a settlement equal to or greater than his potential minimum wage and overtime recoveries if he prevailed in this case at trial. In addition, the payments are sufficient to compensate him for amounts at least equal to what he potentially could have received as liquidated damages. Truck & Wheel will also pay an amount for attorney fees and costs acceptable to Plaintiff and his counsel.

7

Based on the forgoing, the settlement agreement bears a reasonable and fair relationship to the amounts potentially due to Plaintiff, and takes into consideration the inevitable risks of litigation and defenses raised by Truck & Wheel.

## OPINION OF COUNSEL

Both parties are represented by experienced counsel who were able to adequately represent their clients' respective positions during settlement discussions.

## REASONABLENESS OF PLAINTIFF'S COUNSEL'S FEES AND COSTS

The attorneys' fees and costs called for under the settlement agreements are fair and reasonable because the payment of such does not reduce the Plaintiff's recovery. "For attorney's fees, the Court will generally determine the 'lodestar' figure, which is composed of 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Dunbar v. Wolf Bay Lodge, Inc.*, No. CV 15-00265-CG-M, 2015 WL 6394515, *2 (S.D. Ala. Oct. 22, 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "However, a lodestar analysis is not always required." *Lyons v. Beef 'O' Brady's*, 2015 U.S. Dist. LEXIS 127377, * 6 (S.D. Ala. Sept. 23, 2015)). "When the fee is negotiated separately and without regard to the amount paid to the [p]laintiff, the court may forego the lodestar analysis. *Dunbar*, 2015 WL 6394515, at *2 (citations and internal quotation marks omitted). This is true except in circumstances where 'the

8

settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney." *Smitherman v. Chow Lao Liew, LLC*, 2016 U.S. Dist. LEXIS 32242, *5-6 (N.D. Ala. Mar. 14, 2016); *Wycoff v. Sani E Zehra, Inc.*, 2014 U.S. Dist. LEXIS 120122, *8-9 (N.D. Ala. Aug. 28, 2014); *Dodd v. Schneider Nat''l Carriers, Inc.*, 2014 U.S. Dist. LEXIS 134026, *6-7 (N.D. Ala. Sept. 24, 2014); *Williams v. A&A Used Tires, LLC*, 2013 U.S. Dist. LEXIS 174646, at *5-6 (N.D. Ala. Dec. 13, 2013); *Patel v. Shree Jalarm, Inc.*, 2013 U.S. Dist. LEXIS 130914, *19-20 (S.D. Ala. Sept. 13, 2013); *Crabtree v. Volkert, Inc.*, 2013 U.S. Dist. LEXIS 20543, 2013 WL 593500, *7 n. 4 (S.D. Ala. Feb. 14, 2013). The court should give the parties' agreement deference because "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Gross v. Statewide Healthcare Servs.*, 2016 U.S. Dist. LEXIS 62069, 5-6 (S.D. Ala. May 10, 2016) (alteration in original) (citations and internal quotation marks omitted).

Here, Plaintiff is receiving a settlement payment equal to or greater than the amount he acknowledges he could recover if he prevailed at trial and an amount greater than Truck & Wheel believes he could recover even if he prevailed. In addition to this amount and without reducing this amount, Plaintiff's counsel will receive as part of the settlement an additional amount for attorney's fees and costs.

9

As such, the fees requested here did not reduce Plaintiff's recoveries and the Court should approve the settlement in its entirety.

## ABSENCE OF FRAUD OR COLLUSION

Plaintiff participated in the settlement process and was apprised of the terms of the settlement agreement and is satisfied with his recovery. There is no hint that the settlement is the product of fraud or collusion or otherwise not in the best interest of Plaintiff.

## CONCLUSION

For all of these reasons, the parties jointly request that the Court approve their Settlement Agreement.

Respectfully submitted,

/s/ David A. Hughes
David A. Hughes
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
dhughes@hardinhughes.com

*Attorney for Plaintiff Thomas Wilson*

/s/ T. Matthew Miller
T. Matthew Miller (ASB-2129-I66T)
Bradley Arant Boult Cummings LLP
One Federal Place, 1819 Fifth Ave. N
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Email: mmiller@bradley.com

*Attorney for Defendant
Truck and Wheel Automotive USA
Corporation*

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>David A. Hughes
>Hardin & Hughes, LLP
>2121 14th Street
>Tuscaloosa, Alabama 35401
>dhughes@hardinhughes.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:
    None.

_____
OF COUNSEL