# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into this 25th day of May 2022, by and between Thomas Byron Wilson ("Wilson") and Truck and Wheel Automotive USA Corporation ("Truck & Wheel" or "Defendant")(collectively "Parties"). Truck & Wheel and any parent, subsidiary, affiliated or related entities, and all of their past and present owners, officers, directors, investors, insurers, managers, members, agents, employees, business associates and contractors, attorneys, supervisors, employee benefit plans and administrators and assigns of any of them are collectively referred to as the "Released Parties."

### RECITALS

Wilson was employed by Truck & Wheel until he resigned his employment in November 2021. Following his separation from employment with Truck & Wheel, Wilson filed a lawsuit in the U.S. District Court for the Northern District of Alabama, case number 7:22-cv-00310, against Truck & Wheel alleging claims under the Fair Labor Standards Act ("FLSA")("the Civil Action") and a state law claim. Contingent upon Court approval of their settlement, the parties have agreed to resolve Wilson's claims and Truck & Wheel has agreed to pay Wilson the consideration below in exchange for his binding releases and covenants, including, but not limited to, his covenant to dismiss the Civil Action with prejudice and the release of any and all claims, causes of action, damages, fees, costs, or other remuneration or allegations he asserted or could have asserted against the Released Parties under the FLSA based upon any act or omission up to and including the Effective Date of this Agreement (the "Claims"). In consideration of the mutual promises and covenants in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, and to settle all Claims, the Parties agree as follows:

### AGREEMENT

1. **Effective Date and Payment**. This Agreement will be effective when signed by Wilson and and contingent on Court approval of the Parties' FLSA settlement and the dismissal of the Civil Action with prejudice (the "Effective Date"). Within ten days after the Effective Date, Truck & Wheel will pay Wilson and his counsel the total gross amount of Eight Thousand Dollars ($8,000.00) ("Payment") as follows:

   a. check for $2,500 (Twenty Five Hundred Dollars) minus applicable withholdings to Wilson for his wage claims under the FLSA;
   b. a check for $2,500 (Twenty Five Hundred Dollars) to Wilson, for liquidated damages, for which he will receive a 1099;
   c. a check for $3,000 (Three Thousand Dollars) to Wilson's counsel David Hughes for attorney fees and costs for which Truck & Wheel will issue a 1099.

Wilson requests that the Payment be made as stated above and acknowledges and agrees that Wilson and his attorney are solely responsible for the allocation and distribution of the Payment and responsible for any taxes thereon (other than the withholdings noted).

2. **Dismissal of Civil Action and Release of Claims**. Wilson, for the consideration recited in this Agreement, releases and discharges the Released Parties from any and all Claims, whether known or unknown, that were or could have been asserted in the Civil Action under the Fair Labor Standards Act or Alabama wage and hour laws. Wilson has released any other claims he may against the Released Parties pursuant to a separate settlement agreement and release.

1

DocuSign Envelope ID: E3F15F68-195A-4239-AB29-1690617C7FC7

3. **Administrative Rights and Satisfaction of Claims.** This release does not interfere with Wilson's right to testify, assist or participate in an administrative hearing or proceeding with any governmental agency and does not limit Wilson's right to receive an award for information provided to the Securities and Exchange Commission, but he understands that by signing this Agreement, he otherwise agrees to waive any right to recover damages and any other benefits or remedies through any governmental charge, complaint, investigation or action. (excepting standard witness fees and mileage), including but not limited to, back pay, front pay, benefits, damages, punitive damages, attorney fees, reinstatement or any other type of equitable or legal relief, as a result of any such charge, lawsuit or claim.

4. **Period to Consider and Other Representations.** Wilson represents and warrants (a) that this Agreement is written in a manner understood by him, (b) that he is waiving rights and claims in exchange for consideration in addition to anything of value to which he is already entitled, (c) that he has consulted with an attorney before executing this Agreement, (d) that he has been given a reasonable period of time to consider this Agreement, and (e) that, if he executes this Agreement, he has done so knowingly and voluntarily.

5. **Confidentiality.** Wilson agrees that the terms and existence of this Agreement, as well as all discussions concerning and leading to this Agreement, are confidential except that the parties acknowledge that the Court approval process may mean that this Agreement is filed in Court. Accordingly, Wilson will not disclose the terms or existence of this Agreement to any person or entity, including, but not limited to, any current, former, or future employee of Truck & Wheel, except as required or compelled by law. However, Wilson may disclose the terms of this Agreement to his attorney, tax advisor, and current spouse.

6. **Wilson Bears the Tax Liabilities.** Wilson agrees that to the extent any federal or state taxes may be due or payable because of the payment above, he will be solely responsible for the payment of such taxes.

7. **No Other Claims or Assignment of Claims.** Wilson represents and warrants that with the exception of the Payment identified in Paragraph 1 of this Agreement, he has been paid all wages, remuneration or other sums due to him.

8. **Full Release.** Wilson agrees that this Agreement shall release the Released Parties from all liability to the fullest extent permitted by law. This Agreement may not be changed orally; it may only be changed by a writing executed by the Parties. A Party's failure to enforce any provision of this Agreement will not constitute waiver of said Party's rights under this Agreement.

9. **No Admissions of Liability / Continuing Obligations.** This Agreement does not constitute an admission by any of the Parties of any violation of law or wrongdoing, and it will not be offered or used for that purpose. The Parties expressly deny any violation of the law or liability to each other. Instead, this Agreement is a settlement compromise of a dispute that has arisen between the Parties. This Agreement constitutes the sole agreement between the Parties as to the subject matter hereof and supersedes, replaces, sets aside and holds for naught any prior agreements and understandings relating to Wilson's claims for FLSA wages. The parties have entered into a separate agreement relating to any other (non-FLSA) claims Wilson may have against the Released Parties, including his state law claim in this Civil Action. Except as expressly set forth herein. No Party is relying upon any representation, understanding, undertaking, or agreement not set forth in this Agreement,

2

DocuSign Envelope ID: E3F15F68-195A-4239-AB29-1690617C7FC7

and each Party expressly disclaims any reliance on any such representation, understanding, undertaking, or agreement. In the event that any provision or portion of this Agreement is held to be illegal, invalid or unenforceable, in whole or in part, for any reason, under present or future law, such provision or portion shall be severable and the remainder of this Agreement shall not be invalidated or rendered unenforceable or otherwise adversely affected.

10.    **Binding Agreement**. This Agreement shall inure to the benefit of and is binding upon each of the parties and their assigns, successors, heirs, and representatives. The Parties agree that this Agreement may be executed by Docusign or other reliable electronic signature method, and in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

11.    **Governing Law**. This Agreement shall be construed in accordance with the laws of the State of Alabama.

IT IS IMPORTANT THAT WILSON COMPLETELY UNDERSTANDS THE TERMS AND CONDITIONS OF THIS AGREEMENT. IF THERE IS LANGUAGE WILSON DOES NOT UNDERSTAND, HE HAS BEEN ENCOURAGED TO ASK ABOUT IT AND HAS ASKED ABOUT IT BEFORE SIGNING THIS AGREEMENT. WILSON IS RELEASING ALL CLAIMS THAT HE MAY HAVE OR HAS HAD UP TO THE DATE OF THIS AGREEMENT AGAINST THE RELEASED PARTIES.

Dated: 5/25/2022

*THOMAS WILSON* (DocuSigned)

Thomas Byron Wilson

Truck and Wheel Automotive Corporation USA

By: _Blanca Pizarro_

Its: _CEO Truck and Wheel Autom. USA_

Dated: 05/25/2022

3